UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARK A. HENDERSON,                 )
                                   )
            Plaintiff,             )
    vs.                            )     1:10-cv-01095-SEB-MJD
                                   )
LAURA KOPETSKY TRI-AX, INC.,       )
                                   )
            Defendant.             )

**Entry Discussing Motion for Summary Judgment**

The parties to this employment discrimination action are Mark A. Henderson, Sr. ("Henderson") and Laura Kopetsky Tri-Ax Inc. ("Tri-Ax").

For the reasons explained in this Entry, Tri-Ax's motion for summary judgment [19] must be **granted.**

**Background**

Henderson's claims of discrimination based on his race and of retaliation are asserted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, and 42 U.S.C. § 1981. The court analyzes § 1981 discrimination claims in the same manner as claims brought pursuant to Title VII. *Montgomery v. Am. Airlines, Inc.,* 626 F.3d 382, 389 (7th Cir. 2010). The claim of retaliation is also actionable under Section 1981. *Humphries v. CBOCS West, Inc.,* 474 F.3d 387, 398, 404 (7th Cir. 2007) (recognizing retaliation claims under § 1981 and applying Title VII standard). There is a third claim which is asserted, this being Henderson's claim that he was subjected to disparate treatment while employed at Tri-Ax.

"It is well-established that a plaintiff in a Title VII case may proceed under a direct or indirect method of proof." *Butts v. Aurora Health Care*, 387 F.3d 921, 924 (7th Cir. 2004) (citing *Mateu-Anderegg v. School Dist.,* 304 F.3d 618, 623 (7th Cir. 2002)). These are *methods* of proof, not descriptive of the types of *evidence* which may be offered in support of either. *Atanus v. Perry,* 520 F.3d 662, 671 (7th Cir. 2008).

"The focus of the direct method of proof thus is not whether the evidence offered is 'direct' or 'circumstantial' but rather whether the evidence 'points directly' to a siscriminatory reason for the employer's action." *Id.* (citing *Burks v. Wisconsin Dep't of Transp.,* 464 F.3d 744, 751 n.3 (7th Cir. 2006). Because Henderson has come forward with no direct evidence of discrimination, Tri-Ax's motion for summary judgment is assessed under the burden-shifting methodology established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

In *McDonnell Douglas,* the Supreme Court "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory treatment cases." *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 506 (1993). The test consists of three steps. First, the plaintiff must establish a *prima facie* case of discrimination. *Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007) (citing *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 696 (7th Cir. 2006)). Second, once the *prima facie* case is established, the defendant must state a legitimate, non-discriminatory reason for the adverse employment action. *South v. Ill. Envtl. Prot. Agency*, 495 F.3d 747, 751 (7th Cir. 2007). Finally, if a legitimate, non-discriminatory reason is offered, the plaintiff must come forward with evidence to show that the stated reason is not the true one, but only a pretext for discrimination. *Id.*

## Discussion

Although Henderson presents three distinct claims and although the elements of a *prima facie* case differ in some respects, there are two common elements of a *prima facie* case for each--these being that he was meeting his employer's legitimate performance expectations, and that other similarly situated employees who were not members of the protected class were treated more favorably.[1] In addition, and even could it be concluded that he had established a *prima facie* case of discrimination or retaliation, in order for Henderson to survive the motion for summary judgment the inquiry common to each of his claims would be to determine whether Tri-Ax had presented evidence of a non-discriminatory reason for its employment action and if so, the burden shifts back to the plaintiff to demonstrate that the employer's reason is pretextual. *Adusumilli v. City of Chicago,* 164 F.3d 353, 362 (7th Cir. 1998). Because of these common questions, the analysis of his claims collapses to the following.

Henderson was employed with Tri-Ax as a dump truck driver from September 9, 2003, through November 30, 2009. Henderson is African-American and his employment was terminated. During his employment with Tri-Ax, Henderson had to be removed from several ongoing job assignments due to customer complaints about his job performance, late arrival, falsifying his time sheets and fighting with co-workers. Tri-Ax accommodated Mr. Henderson's numerous incarcerations, including January 2005, October 2008 and December of 2008, by permitting him to return to work after each incident. Also during this period, employment records show that Henderson received write-ups due to safety violations (driving without a tarp), call-in complaints due to his driving, and striking an overpass with the company vehicle.

---

[1] In the case of the claim of retaliation, the slight variant of this element is that Henderson was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. *Leonard v. E. Ill. Univ.,* 606 F.3d 428, 431 (7th Cir. 2010).

Henderson was issued a write-up by Tri-Ax on June 29, 2009, and through such document Henderson was notified that his employment would be terminated if there were any other incidents or complaints. His termination notice, on November 30, 2009, indicates that it was the result of tardiness on four days during a 90-day period. According to Tri-Ax policy, the termination of employment under these circumstances-- for excessive absenteeism or tardiness and violation of safety regulations--is authorized. These circumstances show that Henderson was not meeting Tri-Ax's legitimate expectations.

Tri-Ax has presented evidence that Mr. Bilyeu and Mr. Moore were terminated by Tri-Ax due to accrual of absences, whereas both Mr. Lachmayer and Mr. Cornelius were terminated by Tri-Ax due to a violation of the company's safety procedures. These four individuals are not in Henderson's protected class. Henderson has not shown that a similarly situated non-minority employee was treated more favorably than was Henderson himself. Additionally, Henderson has not identified a non-minority employee whose employment was allowed to continue after having attendance, operational, and complaint problems in delivering services on behalf of Tri-Ax. He has likewise not offered evidence that he was treated worse than a similarly situated employee who did not complain of discrimination.

"Without a *prima facie* case, Henderson cannot withstand summary judgment." *Hong v. Children's Memorial Hosp.,* 993 F.2d 1257, 1261 (7th Cir. 1993)(citing *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1250 (7th Cir. 1990)). Even if the court concluded otherwise with respect to the existence of a *prima facie* case here, Tri-Ax has shown that the decision to terminate Henderson's employment was based on a legitimate, nondiscriminatory reason. That reason was Henderson absenteeism, together with the other aspects of his employment record. At this final stage of the *McDonnell Douglas* burden-shifting analysis, therefore, Henderson points to nothing which reasonably suggests that the reason given by Tri-Ax for terminating his employment were lies to cover up discrimination based on his race. The same is true as to the claim of retaliation; that is, Henderson has failed to present any evidence showing or suggesting that he was treated less favorably than similarly situated employees who did not engage in statutorily protected activity.

**Conclusion**

"'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). As explained herein, Henderson has not come forward with evidence that establishes a *prima facie* case as to his claims. Even if he had, he has not shown that the proferred reason for the termination of his employment was pretextual. Accordingly, the motion for summary judgment must be **granted.**

Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

**IT IS SO ORDERED.**

Date: 09/15/2011

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana